# IN THE COURT OF APPEALS OF IOWA

No. 22-0124
Filed July 26, 2023

**DIANNE CLINE,**
        Plaintiff-Appellee,

**vs.**

**LAVERNE LAMBERT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Andrew Chappell,

Judge.


        Laverne Lambert appeals the denial of his motion to set aside default

judgment. **AFFIRMED.**


        Rockne O. Cole of Cole Law Firm, PC, Iowa City, for appellant.

        L. Craig Nierman of Phelan, Tucker Law L.L.P., Iowa City, for appellee.


        Considered by Schumacher, P.J., and Ahlers and Buller, JJ.

**AHLERS, Judge.**

A physical altercation between Laverne Lambert and Dianne Cline led to Cline bringing this action against Lambert asserting claims of negligence, assault, battery, false imprisonment, and intentional infliction of emotional distress. She also sought punitive damages. Lambert never filed an answer, so Cline filed an application for entry of default judgment. The district court entered an order granting default and set a hearing for Cline to establish damages. Despite being held in default, Lambert was given notice of the damages hearing and attended it. Following the hearing, the court entered judgment in the amount of $828,195.74. Fifteen days later, counsel for Lambert entered an appearance and motioned to set aside the default judgment on the basis of excusable neglect, unavoidable casualty, mistake, and inadvertence—though he "primarily assert[ed] excusable neglect." Lambert cited the recent murder of his sister and nephews, his own poor physical and mental health, and the COVID-19 pandemic as reasons for his failure to respond to Cline's petition. Following a hearing on the motion, the court denied the motion to set aside the default judgment. Lambert appeals.

We review the denial to set aside a default judgment for an abuse of discretion. *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999).

> We vest district courts with broad discretion in ruling on a motion to set aside a default. We reverse such a ruling only if this discretion is abused. Generally, we find such an abuse only when there is a lack of substantial evidence to support the district court's ruling. We are bound by the district court's findings of fact if supported by substantial evidence, and we view the evidence in the light most favorable to the district court's ruling.

*Id.* (quoting *Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 753 (Iowa 1994)).

"On motion and for good cause shown . . . the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." Iowa R. Civ. P. 1.977. "Good cause is a sound, effective, and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect. Good cause also requires at least a claimed defense asserted in good faith." *Cent. Nat'l Ins. Co. of Omaha*, 513 N.W.2d at 754. It is the moving party's burden to establish good cause. *No Boundry, LLC v. Hoosman*, 953 N.W.2d 696, 700 (Iowa 2021).

With these principles in mind, we turn to Lambert's appellate argument that the district court abused its discretion by denying his motion to set aside the default judgment based on his excusable neglect. We consider the individual facts and circumstances of this case to determine if Lambert established good cause based on his excusable neglect. *Id.* "Relevant considerations include the cause for [Lambert's] failure to timely answer, whether [Lambert] intended to defend, whether [Lambert] asserted a meritorious defense in good faith, and whether [Lambert] ignored or willfully defied the rules of procedure." *Id.*

Lambert explains away his failure to timely answer by citing the unexpected death of his sister and nephews, which occurred a couple of months before Cline initiated this action, and several seizures that he suffered that required hospitalization. While we understand this was a tumultuous period of Lambert's life, that tumult in itself does not dispositively excuse his failure to defend Cline's lawsuit.

As to Lambert's intent to defend the suit, the district court was "wholly unconvinced [Lambert] really intended to defend the lawsuit." Substantial evidence supports this finding. Lambert had already pleaded guilty to assault causing bodily injury (domestic) for his attack on Cline. Plus, Lambert contacted Cline's counsel prior to the answer deadline to try to dissuade Cline from pursuing her claims against him, citing his lack of wealth available for a damages award. Lambert's delay in seeking to set aside the default also suggests he was not serious about defending himself. *See id.* at 702 (recognizing the timeliness of a movant's petition to set aside is significant when considering whether the movant intended to defend). Lambert moved to set aside the default judgment fifteen days after the district court entered judgment against him following a damages hearing.[1] This is within the sixty-day window provided in rule 1.977, but it is significant when considering Lambert was already aware of the suit for months as evidenced by his call to Cline's counsel prior to the answer deadline. Further, although the entry of default was handled in two stages—first the entry of default followed by a separate hearing to establish damages—Lambert took no action to set aside the default prior to the damages hearing. Instead, he waited until he received a ruling on the amount of damages before deciding to try to set aside the default, further supporting a finding that Lambert did not intend to defend himself. Instead of defending himself, Lambert made the decision, as the district court phrased it, to "stick[] his head in the sand."

---

[1] Lambert moved to set aside the default about eight months after the district court granted Cline's request for entry of default.

Likewise, we question whether Lambert had a meritorious defense. "For the purposes of establishing good cause to set aside a default judgment, [Lambert] is not required to prove up the defense to the claim. Instead, [he] need only make a prima facie showing [he] has a meritorious defense." *See id.* at 703. Lambert argues he would have "defended the extent of [Cline's] injury or argue his mental and physical limitations to reduce punitive damages" and notes "there were five categories of claims that did not involve assault." He claims his "physical and mental conditions certainly would have been relevant to his mental state and raised significant diminished responsibility issues as well as defending on the merits to those claims," though he does not explain what his defenses on the merits would be. His broad and vague assertions do not convince us that he had valid defenses to the claims raised by Cline.

Lastly, we consider whether Lambert willfully ignored or defied the rules of civil procedure. "Willful defiance contemplates conduct that 'goes beyond negligent or careless conduct.'" *Id.* at 704 (quoting *Brandenburg*, 603 N.W.2d at 585). "[T]here must be substantial evidence that the defaulting party willfully ignored or defied the rules of procedure." *Brandenburg*, 603 N.W.2d at 585 (emphasis omitted). "'Willfully' and 'defying' signal conduct that goes beyond negligent or careless conduct." *Id.* Instead, these words designate evidence of "a deliberate intention to ignore, and resist any adherence to, the rules of procedure." *Id.*

Lambert argues that he did not willfully ignore or defy the rules of civil procedure but that there were life events, mental limitations, and medical conditions that prevented him from complying. We are not persuaded that Lambert

is as naïve as he now presents himself. He hired counsel and initiated a 2019 federal case against the city of Coralville and one of its police officers. His federal suit remained pending during the period of time at issue here when he ignored the suit papers served on him by Cline. Lambert eventually settled the federal suit. Lambert's participation in his federal suit suggests that he is aware of the legal process, or, at the very least, knew of an attorney he could consult if he was confused or needed someone else to respond to Cline's suit. Yet he chose not to do anything to respond to it. His phone call with Cline's counsel on the eve of his answer deadline suggests he was aware of the significance of being served with Cline's suit documents and the timeframe within which he needed to respond. Lambert's attempts to talk Cline's attorney out of pursuing the suit suggests a deliberate tactic and suggests his failure to respond within the deadline went beyond negligent or careless conduct and was instead a deliberate choice to ignore the rules of procedure. *See id.*

Taking all of these considerations into account, we conclude Lambert elected not to file an answer in the hope that the case would go nowhere. Once that approach yielded a sizable judgment against him, he apparently regretted his decision and attempted to reverse course and set aside the default. Such conduct does not amount to excusable neglect. The district court did not abuse its discretion in reaching the same conclusion.

**AFFIRMED.**